United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41583
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

RAMON EDWARDO GUTIERREZ

                    Defendant - Appellant

                 ---------------------
        Appeal from the United States District Court
            for the Southern District of Texas
                USDC No. 5:03-CR-366-ALL
                 ---------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ramon Edwardo Gutierrez appeals his jury-trial conviction of
conspiracy to possess more than 1000 kilograms of marijuana with
intent to distribute, possession of more than 1000 kilograms of
marijuana with intent to distribute, and conspiracy to possess
more than 100 kilograms of marijuana with intent to distribute.

    Gutierrez contends that the evidence was insufficient to
convict him on any count. The evidence in the record, including
circumstantial evidence and the testimony of accomplices, when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

viewed in the light most favorable to the Government, is a sufficient basis upon which a rational jury could have found the essential elements of each offense beyond a reasonable doubt. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). We decline Gutierrez's request to reweigh the evidence or to assess the credibility of the Government's witnesses. See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993). Moreover, it was not necessary for the Government to disprove every hypothesis of innocence. United States v. Williams, 264 F.3d 561, 576 (5th Cir. 2001).

Gutierrez contends that the trial court abused its discretion by admitting evidence of a prior marijuana-trafficking conviction, uncharged drug-trafficking, and drug use. The conviction and other drug-trafficking evidence was properly admitted under FED. R. EVID. 404(b) to show Gutierrez's intent, knowledge, preparation, motive, and plan to transport marijuana. The evidence of drug use was slightly probative of the witness's relation with Gutierrez, but it was merely a brief passing remark with no prejudicial effect. The district court did not abuse its discretion by admitting the evidence. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

Gutierrez contends that the Government committed misconduct by making certain remarks during the trial. The offending comments were neither improper nor prejudicial to the defense. See United States v. Lankford, 196 F.3d 563, 574 (5th Cir. 1999).

The judgment of the district court is

AFFIRMED.